46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto RAMIREZ-DAVILLA, Defendant-Appellant.
 No. 93-16455.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1995.
Decided Feb. 2, 1995.
 
 1
 Before: GOODWIN and SCHROEDER, Circuit Judges, and TASHIMA,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Ernesto Ramirez-Davilla appeals the denial of his petition for writ of coram nobis. In 1992, Ramirez-Davilla pleaded guilty to entering the United States at a place other than that designated by immigration officials, in violation of 8 U.S.C. Sec. 1325(a)(1). He filed this petition in 1993 contending that his plea was invalid due to ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the denial of a petition for a writ of coram nobis, United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir.1989), and we affirm.
 
 
 4
 Ramirez-Davilla was a lawful permanent resident alien. On May 11, 1992, he attempted to return to the United States after visiting relatives in Mexico. He did not possess his alien registration card, and Immigration and Naturalization Service officials told him he could not enter the United States without it. Later that day, Ramirez-Davilla crossed the border into the United States through a hole in the fence and was arrested. On May 12, 1992, Ramirez-Davilla pleaded guilty to entering the United States at a time or place other than as designated by immigration officials, which is a misdemeanor under 8 U.S.C. Sec. 1325.[1] It is undisputed that the appellant crawled through a fence at the border because he could not pass inspection by immigration officials.
 
 
 5
 In his petition for coram nobis, Ramirez-Davilla claims that his counsel should have raised a defense to Sec. 1325 grounded upon the Supreme Court's decision in Rosenberg v. Fleuti, 374 U.S. 449 (1963).[2] To prevail on coram nobis review, he must show, inter alia, that this failure constituted error "of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987). This he cannot do.
 
 
 6
 No appellate court has ever recognized the validity of a Fleuti defense in the Sec. 1325 context. The only authority squarely in appellant's favor on the merits of his legal position is a dissenting opinion in the Seventh Circuit's decision in Leal-Rodriguez v. INS, 990 F.2d 939 (7th Cir.1993). The Fifth Circuit's decision in Yanez-Jacquez v. INS, 440 F.2d 701 (5th Cir.1971), cited in Palatian v. INS, 502 F.2d 1091, 1092 (9th Cir.1974), employed a Fleuti analysis and held that an individual who had waded across the Rio Grande had not "entered" the United States for purposes of 8 U.S.C. Sec. 1251(a)(4).[3] Yanez-Jacquez did not, however, involve any charge of violation of Sec. 1325.
 
 
 7
 If a defendant were to raise a Fleuti defense in the context of a Sec. 1325 prosecution in this circuit, it would be a case of first impression. We need not decide that case here. We hold only that the failure of defense counsel to raise or advise his client of a defense that has yet to be recognized by any circuit's law in this context is not an "error of the most fundamental character" for purposes of coram nobis relief.[4]
 
 
 8
 While this denial of coram nobis relief collaterally estops Ramirez-Davilla from attacking the validity of his underlying conviction in deportation proceedings, this holding is without prejudice to the assertion of any other claims for relief from deportation.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable A. Wallace Tashima, United States District Court Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The provision under which appellant was convicted provides in relevant part:
 Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers or (2) eludes examination or inspection by immigration officers, ... shall, for the first commission of any such offense, be fined ... or imprisoned not more than six months, or both....
 Sec. 275(a) Immigration and Naturalization Act ("INA"), 8 U.S.C. Sec. 1325(a).
 
 
 [2]
 The Fleuti Court interpreted Sec. 101(a)(13) of the INA, the Act's only provision defining "entry", and held that an "innocent, casual, and brief" excursion by a resident alien to Mexico was not a departure intended to be disruptive of the alien's residence status so as to subject him to the consequences of an "entry" upon return to this country. Fleuti, 374 U.S. at 461
 
 
 [3]
 In 1971, to be subject to deportation under Sec. 1251(a)(4), an alien must have been convicted of a crime of moral turpitude "committed within five years after entry." 8 U.S.C. Sec. 1251(a)(4) (1952) (current version at Sec. 1251(a)(2)(A)(i) (1990))
 
 
 [4]
 Likewise, counsel's failure to raise Fleuti as a defense in these circumstances did not constitute deficient performance under Strickland v. Washington, 466 U.S. 668 (1984)